Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| NETCARE LIFE and HEALTH INSURANCE COMPANY, INC., ) ) ) Plaintiff, ) ) v. ) ) CARMELITA ROTE and ROBERT ) KEOGH, personally and the LAW ) OFFICES OF ROBERT L. KEOGH, ) ) Defendants. ) ) | CASE NO. CV0789-10 **DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on July 30, 2012 on Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment. Attorney Benjamin Hueber represented Plaintiff, Netcare Life and Health Insurance Company, Inc. Attorney Robert Keogh represented the Defendants Carmelita Rote, who was not present, himself *pro se*, and the Law Offices of Robert Keogh. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On May 18, 2010, Plaintiff filed its complaint seeking payment under a subrogation agreement signed by Defendant Rote. Subsequently, Plaintiff filed with the Court a motion to disqualify Attorney Keogh as Defendant Rote's counsel as well as a motion to amend the complaint. On June 27, 2011, this Court denied



ORIGINAL

the motion to disqualify Attorney Keogh as Defendant's counsel and granted leave for Plaintiff to amend the complaint. The next day, on June 28, 2011, Plaintiff filed its First Amended Complaint, now naming Attorney Keogh personally and the Law Offices of Robert Keogh as Co-Defendants in addition to Defendant Rote. On July 18, 2011, Defendants filed their Answer to the First Amended Complaint.

The record shows no further activity occurred until May 21, 2012, when Defendants filed the motion to dismiss for failure to prosecute. On July 9, 2012, Plaintiff filed an opposition to the motion to dismiss and motion for summary judgment. The Court then held a hearing on the motions on July 30, 2012. Based on the applicable law and the circumstances of this case, this Court finds that denial of both Defendant's motion to dismiss and Plaintiff's motion for summary judgment is appropriate.

## DISCUSSION

Defendant brings a motion to dismiss for failure to prosecute and Plaintiff brings a motion for summary judgment. Each motion is discussed below.

## I. Motion for Dismissal for Failure to Prosecute

Defendants assert that Plaintiff has not taken any substantive action to move this case forward since they filed their Answer to the first amended complaint and therefore move for dismissal for failure to prosecute under Rule 41(b) of the Guam Rules of Civil Procedure. Rule 41(b) allows for dismissal where a plaintiff fails to prosecute an action or fails to comply with a court order or Guam's rules of procedure. In determining whether to grant a motion to dismiss for failure to prosecute under Rule 41(b), this Court applies the five-factor test adopted by the Guam Supreme Court in Santos v. Carney, 1997 Guam 4. The Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. ¶ 5 (quoting In re Eisen 31 F.3d 1447, 1451 (9th Cir. 1994)).

"Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal. Park v. Kawashima, 2010 Guam 10 ¶ 10.

### a. Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

"The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining whether there was an unreasonable delay." Santos v. Carney (citing In re Eisen, 31 F.3d at 1452). This Court need not devote extensive analysis to these two factors as it is clear that efficiently resolving cases as well as this court's need to manage its docket both strongly favor dismissal. In more than 26 months, parties have filed numerous pleadings and motions and yet are no closer to bringing this matter to the discovery process, let alone litigation for resolution on the merits. Were the Court's docket and speedy resolution the only factors for Court to consider, dismissal would certainly be warranted. The Court finds that these two factors strongly support dismissal.

### b. Risk of Prejudice to Defendant

"Once a delay is determined to be unreasonable, prejudice . . . is presumed." Santos 1997 Guam 4 ¶ 8. Here, Defendants allege that they are prejudiced in that the time it has taken for Plaintiff to bring the matter forward is overly lengthy and inexcusable. Defendants are quick to point out that it has been over two years since the complaint was filed and there has been no discovery in the case. Additionally, they point out that Defendant Rote has since left Guam to seek more affordable living conditions and medical treatment thus impairing their ability to communicate and defend against Plaintiff's action. Defendant Keogh contends that the First Amended Complaint includes some allegations which speak to his ethical duties as an attorney and that he would want an expeditious resolution to the matter. Plaintiff contends that Defendants have not alleged prejudice. This Court is inclined to agree.

As the Ninth Circuit wrote in <u>Westlands Water Dist. v. U.S.</u>, 100 F.3d 94, 97 (9th Cir. 1996), "legal prejudice is just that- prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." This Court is unconvinced that an eight-month period of relative inactivity has led to prejudice to the Defendants. While circumstances may make defending against the action more difficult, this does not rise to the level of prejudice as described in <u>Westlands</u>. <u>Id</u>.

Further, this Court notes that fault for the delay does not rest entirely with Plaintiff. At the time of this motion, the case had not proceeded beyond the pleading stage despite the fact that *both* parties share the responsibility under Rule 26(f) for scheduling a meeting to discuss discovery and other matters related to the efficient resolution of the case. That rule specifically states:

> The attorneys of record and all unrepresented parties that have appeared in the case are *jointly* responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.

Guam R. Civ. P. 26(f) (emphasis added). The evidence before this Court indicates that on multiple occasions, Defendant declined to meet with Plaintiff pursuant to Rule 26. While it is true there was once a pending motion to disqualify Defendant Keogh as counsel for Defendant Rote, it did not excuse him from his obligations under Rule 26. Indeed, that issue has long since been resolved yet parties have not taken it upon themselves to arrange a conference. In short, any perceived prejudice to Defendant resulting from the delay is offset by Defendants' own actions in failing to work with Plaintiff to craft a discovery plan and present a proposed schedule to this Court. Therefore, this Court finds that this third factor does not support dismissal.

c. <u>Public Policy Favoring Disposition of Cases on their Merits</u>

"Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against

the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" Park v. Kawashima, 2010 Guam 10 ¶ 22 (quoting In re Estate of Concepcion v. Siguenza, 2003 Guam 12 ¶ 23.). Generally "[i]t is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" Santos, 1997 Guam 4 ¶ 9 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir.1976)).

While there has been a lull in these proceedings lasting approximately eight months, this Court is not convinced that Plaintiff has completely ignored the obligation to diligently prosecute this action. Furthermore, Defendants have not demonstrated that they have suffered prejudice resulting in the delay. This Court finds that resolution of this case on its merits is most desirable and, when weighed against the first two factors, the policy favoring disposition of cases on their merits favors denying dismissal.

### d. Availability of Less Drastic Sanctions

The fifth factor for the Court's consideration is whether less drastic alternatives to dismissal are available. Two possible alternatives are monetary sanctions and a formal warning. Considering the circumstances of this case and the record before this Court, monetary sanctions may be appropriate. Though the Guam Supreme Court has found that a warning or lesser sanction is not necessary prior to dismissal on a Rule 41(b) motion,[1] this Court has previously admonished both parties:

> "Both Netcare and Rote are admonished not to use the rules of procedure and practice as mere munitions to be deployed whenever doing so might result in a strategic advantage; the parties are to abide by the spirit and ethics of the rules and the purposes for which they were adopted."

---

[1] Santos v. Carney, 1997 Guam 4 ¶ 10.

June 27, 2011 Decision and Order at p.10. This Court shall, in this Decision and Order, issue another warning to parties. There being less drastic sanctions available, the Court weighs this factor as not supporting dismissal.

## II. Motion for Summary Judgment.

Plaintiff Netcare has moved for summary judgment pursuant to Guam R. Civ. P. 56(a). In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at ¶ 8 (quoting Guam R. Civ. P. 56(c)).

A material fact is one that is relevant to an element of a claim or defense or which might affect the outcome of the suit. See Iizuka Corp. v. Kawasho Intern. (Guam), Inc., 1997 Guam 10. The party seeking summary judgment bears the responsibility of informing the court of the basis of the motion and demonstrating the absence of a material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment. Beyene v. Coleman Sec. Services, Inc., 854 F2d 1179, 1181 (9th Cir. 1988); See also Guam R. Civ. P. 56(e)(requiring supporting and opposing affidavits set forth facts as would be admissible in evidence).

Plaintiff relies on various communications between parties' counsel as a means of showing that Defendants acknowledge liability to Plaintiff in addition to the amount for which they are liable. Defendant takes the position that these communications were made in the process of settlement which would render them inadmissible for the Court's consideration pursuant to the Guam Rules of Evidence which state:

> "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was

disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible."

Guam R. Evid. 408. Parties are in dispute as to whether or not these communications fall under the umbrella of Rule 408. The record before this Court is similarly unclear. However, taken in a light most favorable to the non-moving party, the inferences to be made regarding the communications could show that they were made in an effort compromise a claim which is disputed as to validity or amount. As such, the Court disregards the communications as inadmissible evidence. Thus, the question remains as to the amount for which Defendants are liable, if at all.

This Court has previously expressed its apprehension with the underlying claim in this case as it pertains to Defendant Keogh. See June 27, 2011 Decision and Order p.4. Guam law governing this issue remains unsettled in that there is no binding case law governing this form of attorney liability. Because of the uncertainty regarding the laws of this claim as well as the existence of genuine issues of material fact, this Court is unconvinced that Plaintiff is entitled to Judgment as a matter of law.

## CONCLUSION

I. Only two of the <u>Santos</u> factors strongly weigh in favor of dismissal while the remaining three do not support dismissal. This Court therefore finds that dismissal for failure to prosecute is not appropriate at this time. Defendant's motion to dismiss is hereby **DENIED**.

II. The Court finds that this case presents genuine issues of material fact. Furthermore, the unsettled state of the law governing the claim precludes a finding that Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is hereby **DENIED**.

This Decision should serve as a warning to Plaintiff that any further delays will result in dismissal. Defendants should also take note that this Court is cognizant of their role in the delays which have occurred thus far and any further delays on the part of Defendants will not be tolerated. Netcare, Rote, Keogh and all legal counsel involved shall take all necessary steps to move this matter forward.

Additionally, this Court reminds both parties of their shared responsibility to engage in a 26(f) conference as the Rule so provides. The parties shall communicate regarding their Rule 26(f) obligations within 30 days from the date of this Decision. Additionally, a status hearing is set for February 25, 2013 at 2:00 p.m.

It is **SO ORDERED** this 8th day of January, 2013.

JAN 0 9 2013

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 0 9 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam



**ORIGINAL**